SO ORDERED.
SIGNED this 18th day of January, 2013

/s/ Shelley D. Rucker
**Shelley D. Rucker**
**UNITED STATES BANKRUPTCY JUDGE**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | |
|---|---|
| In re: | No. 12-10166 |
| | Chapter 7 |
| SUPERIOR WALLS OF EAST TENNESSEE, INC., | |
| Debtor; | |
| | |
| SUPERIOR WALLS OF EAST TENNESSEE | |
| Plaintiff, | |
| v | Adversary Proceeding |
| | No. 12-1093 |
| DOUGLAS H. SHULMAN, COMMISSIONER OF THE INTERNAL REVENUE SERVICE & UNITED STATES OF AMERICA, THROUGH ITS AGENCY THE INTERNAL REVENUE SERVICE, | |
| Defendants. | |

1

# MEMORANDUM

The defendants Douglas H. Shulman, Commissioner of the Internal Revenue Service & United States of America, through its agency the Internal Revenue Service (collectively "IRS") have filed a motion for a more definite statement pursuant to Federal Rules of Civil Procedure 8 and 12(e) pertaining to the complaint filed by the plaintiff debtor Superior Walls of East Tennessee, Inc. ("Debtor"). [Doc. No. 9]. The Debtor has failed to file a response to the motion for a more definite statement.

The court has reviewed the briefing filed by the IRS, the complaint, and the applicable law and has determined that the motion will be GRANTED.

**I.    Background**

The Debtor filed a voluntary petition for bankruptcy under Chapter 7 on January 12, 2012. [Bankr. Case No. 12-10166, Doc. No. 1]. The IRS filed its first proof of claim in the amount of $203,903.99 on February 17, 2012. [Bankr. Case No. 12-10166, Claim No. 6]. The proof of claim indicates that the claim is based on taxes or penalties owed pursuant to 11 U.S.C. § 507(a)(8) with an amount of $187,364.63 entitled to priority. The proof of claim includes the following chart outlining the amount of taxes and penalties claimed to be owed to the IRS:

| *Taxpayer ID Number* | *Kind of Tax* | *Tax Period* | *Date Tax Assessed* | *Tax Due* | *Interest to Petition Date* |
|---|---|---|---|---|---|
| XX-XXX3733 | HVY VEHICL | 07/01/2011 | 1/30/2012 | $3,148.00 | $11.14 |
| XX-XXX3733 | WT-FICA | 9/30/2011 | 12/12/2011 | $95,615.73 | $575.13 |
| XX-XXX3733 | WT-FICA | 12/31/2011 | 1 Unassessed – no return | $71,209.15 | $0.00 |
| XX-XXX3733 | CORP-INC | 12/31/2011 | 2 NOT FILED | $100.00 | $0.00 |
| XX-XXX3733 | FUTA | 12/31/2011 | 1 Unassessed – no return | $3,461.14 | $0.00 |
| XX-XXX3733 | WT-FICA | 03/31/2012 | 3 Unassessed Liability | $13,244.34 | $0.00 |

**Total Amount of Unsecured Priority Claims:    $187,364.63**

[Bankr. Case No. 12-10166, Claim No. 6-1]. The claimed taxes include taxes for employment,

2

unemployment, corporate income and highway use taxes.

The proof of claim also listed an amount of $16,539.36 in unsecured general claims, including interest. *Id.* The IRS subsequently amended its claim on three separate occasions on March 6, 2012, April 11, 2012, and October 3, 2012 respectively. *See* [Bankr. Case No. 12-10166, Claim Nos. 6-1, 6-2, and 6-3]. The claim was revised downward in amount on all three occasions with the final claim filed on October 3, 2012 in the amount of $169,682.25. [Bankr. Case No. 12-10166, Claim No. 6-3]. The final amended claim reduced the WT-FICA taxes for 12/31/2011 from $71,209.15 to $50,507.62; reduced the 12/31/2011 FUTA taxes from $3,461.14 to $3,185.27 and eliminated the 3/31/2012 WT-FICA taxes entirely. *See id.* The total amount of unsecured priority claims was $153,142.89 with an amount of $16,539.36 of unsecured general claims, including penalties and interest.

The Debtor filed this adversary proceeding on September 27, 2012. [Doc. No. 1].[1] The first sentence of the complaint states, "Come the Plaintiff, Jerry and Wanda Harlan [sic], through counsel, and for complaint in this cause, would show the following unto the Court." *Id.* The Debtor in this case is Superior Walls of East Tennessee, Inc., and it does not appear that a Jerry or a Wanda Harlan have filed a bankruptcy petition in this court. In the factual background and claim description portion of the complaint, the Debtor alleges the following:

> The Internal Revenue Service assessed taxes against the Plaintiff in the amount of $182,926.58 as represented by the attached notice, plus interest and penalties accumulating from the date of the filing of this bankruptcy case. The Plaintiff disputes it they [sic] owe said taxes.
>
> The Plaintiffs have reviewed the basis of the assessments of the taxes as set forth in paragraph 4 of the complaint filed herein, and based on the review, the Plaintiffs assert that the amount claimed tax due and owing the Internal Revenue Service is incorrect and that the assessments are improper.
>
> In addition, the Debtors have received differing amounts for the pre and

---

[1] All docket entry references refer to docket entries for Adversary Proceeding No. 12-1093, unless otherwise noted.

> post-petition tax claims shown in the proof of claim filed on April 11, 2012.
>
> The Plaintiff incorporates by reference the allegations contained in paragraphs 1-5, inclusive, of the complaint filed in this cause.
>
> The Plaintiff disputes the claim of the Defendant, United States of America through its agency, the Internal Revenue Service, and prays that this Court make a determination of the amount of said claim.
>
> . . .
>
> For the reasons contained herein, the Plaintiff prays that the claim of Defendant, United States of America through its agency, the Internal Revenue Service, be denied in its entirety or that this Court make a determination pursuant to Section 505(a)(1) of the Bankruptcy Code as to the amount of the claim owing by the Debtors to the United States of America through its agency, the Internal Revenue Service and if any tax is owed, it is paid in accordance under the provisions provided under Title 11 of the United States Code.

[Doc. No. 1, Complaint, ¶¶ 4-9]. The Debtor relies on 11 U.S.C. § 505(a)(1) to support its claim. The "Designated Officer," William S. Harvey signed the verification of the complaint. *Id.* at p. 8.

In its motion for a more definite statement, the IRS contends that the Debtor's failure to provide factual allegations to support its theory of improper tax assessments renders the IRS unable to respond to its complaint in a meaningful way, citing Federal Rule of Civil Procedure 8(a)(2). The IRS seeks clarification in the complaint regarding the specific tax amounts and assessments the Debtor alleges are incorrect, such as the tax period and whether the Debtor disagrees with the taxes, interest or penalties. *See* [Doc. No. 9-1, Memorandum in Support of Motion for More Definite Statement, pp. 4-5].

**II.    Analysis**

The court initially notes that the Debtor has failed timely to respond to the IRS's motion. According to this court's local rules, "[a] failure to respond timely will be construed to mean that the respondent does not oppose the relief requested by the motion." E.D. Tenn. Bankr. LR 7007-1(a).

Further, aside from the Debtor's failure to respond to the motion, the court concludes that there is a sufficient legal basis to grant the IRS's motion. Federal Rule of Civil Procedure 8(a)(2) requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Federal Rule of Bankruptcy Procedure 7008 incorporates Federal Rule of Civil Procedure 8 into adversary proceedings.

Federal Rule of Civil Procedure 12(e), incorporated into adversary proceedings by Federal Rule of Bankruptcy Procedure 7012, provides that:

> [a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. . . . If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e).

The Supreme Court has explained "an accepted pleading standard" that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1969 (2007). The complaint " 'must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.' " *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). In a case cited by the IRS, the court noted that "[g]iven the liberal pleading standard set forth in Rule 8, Rule 12(e) motions are disfavored. At the same time, the Supreme Court has noted that 'if a pleading fails to specify the allegations in a manner that provides sufficient notice,' then a Rule 12(e) motion may be appropriate.'" *Pixler v. Huff*, 3:11-CV-00207-JHM, 2011 WL 5597327, at *16 (W.D. Ky. Nov. 17, 2011) (quoting *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 514 (2002), *overruled in part on other grounds by*

5

*Twombly*, 550 U.S. 544) (other citation omitted). The court in the *Pixler* case granted the motion for a more definite statement because the complaint was too vague and the defendants had identified the defects it contained, as well as the details needed to formulate an appropriate response. *Pixler*, 2011 WL 5597327 at *16.

The court recognizes that motions for a more definite statement are disfavored and rarely granted. *See Equal Employment Opportunity Comm'n v. FPM Group, Ltd.*, 657 F.Supp.2d 957, 966 (E.D. Tenn. 2009). However, the court in *FPM Group* noted that a motion for more definite statement could be granted when the complaint is "'so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it.'" *Id.* at 955 (quoting *Shirk v. Fifth Third Bancorp*, No. 05-cv-049, 2008 WL 4449024, at *8 (S.D. Ohio Sept. 26, 2008)).

In this particular proceeding there are several reasons for granting the IRS's motion. Initially, the court notes that the complaint is vague and ambiguous with respect to the identity of the Debtor. This adversary proceeding has been filed in the Debtor's bankruptcy, but the complaint refers to a "Jerry and Wanda Harlan." [Doc. No. 1]. At various times in the complaint the Debtor is referred to as "Debtors" and "Plaintiffs." Thus, it is not even clear to the court that all of the allegations in the complaint relate to the Debtor, Superior Walls of East Tennessee, Inc. Further, as the IRS argues, it is difficult to discern any specificity regarding the allegations of inaccurate tax calculations. The IRS has provided the Debtor with multiple proofs of claim that delineate its contentions of tax liability by years, amounts, and type of tax or penalty. The Debtor does not provide any information in its complaint regarding the portion of such tax calculations with which it disagrees. Finally, the court notes that the Debtor has failed timely to respond to the motion for a more definite statement and that this is reason alone to grant the motion. *See*

6

E.D. Tenn. Bankr. LR 7007-1(a). For these reasons, the court concludes that the IRS's motion for a more definite statement will be GRANTED.

### III. Conclusion

For the reasons explained *supra*, the court concludes that it will GRANT the IRS's motion for a more definite statement. A separate order will enter.

# # #